Noelle E. Dwarzski OSB 131866
noelled@bcmjlaw.com
Barlow Coughran Morales & Josephson, P.S.
1325 Fourth Avenue, Suite 910
Seattle, WA 98101
Tel. (206) 224-9900
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| BOARD OF TRUSTEES OF THE OREGON RETAIL EMPLOYEES PENSION TRUST,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST,<br><br>　　　　　　　　Defendant. | Case No.<br><br>COMPLAINT FOR FAILURE TO PAY CONTRIBUTIONS PURSUANT TO ERISA § 515, 29 USC § 1145 |

For its complaint, Plaintiff alleges as follows:

I. PARTIES, JURISDICTION AND VENUE

1.　Plaintiff is the Board of Trustees of the Oregon Retail Employees Pension Trust (the "Trust"), a multiemployer joint labor-management trust fund created pursuant to Section 302(c) of the Labor Management Relations Act, 29 U.S.C. § 186(c), and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* as amended ("ERISA"). It maintains a principal office in Tualatin, Washington County, Oregon.

COMPLAINT – 1

3801.000 di10cq01zy

BARLOW COUGHRAN
MORALES & JOSEPHSON P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

2. The Trust provides a "multiemployer plan" and "employee pension benefit plan," as those terms are defined in ERISA §§ 3(37) and 3(2)(A), 29 USC §§ 1002(37) and 1002(2)(A), for the purpose of providing eligible employees and beneficiaries with and retirement and related benefits.

3. The Trust's Board of Trustees is the "plan sponsor" as that term is defined by ERISA § 3(16)(B), 29 USC § 1002(16)(B).

4. Defendant Kaiser Foundation Health Plan of the Northwest (hereafter "Kaiser"), is an Oregon nonprofit organization conducting business in the State of Oregon listing its principal business location as One Kaiser Plaza, Oakland, California 94612 with the Oregon Secretary of State..

5. At all relevant times, Kaiser is and has been a contributing employer to the Trust pursuant to collective bargaining agreement ("CBA") with the United Food and Commercial Workers Union, Local 555.

6. Jurisdiction is conferred on this court by Sections 502 and 515 of ERISA, 29 USC §§ 1132 and 1145.

7. Venue lies in the United States District Court for the District of Oregon under ERISA § 502, 29 USC §1132.

## II. FACTS – CRITICAL STATUS AND SURCHARGE

8. Pursuant to ERISA § 305(b)(3), 29 USC § 1085(b)(3), on March 29, 2020, the Trust's Plan was certified by Plan actuaries as being in critical status for the Plan Year beginning January 1, 2020.

9. Because the Plan is in critical status each employer participating in the Plan is obligated to pay a surcharge equal to five percent of the contributions it makes to the Plan during

COMPLAINT – 2

3801.000 di10cq01zy

BARLOW COUGHRAN
MORALES & JOSEPHSON P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

the first year the Plan is in critical status and ten percent of the contributions it makes to the Plan there after. See ERISA § 305(e)(7)(A), 29 USC § 1085(e)(7)(A).

10. The surcharges described in the paragraph above are due and payable on the same schedule as the contributions on which the surcharges are based and any failure to make a surcharge payment is treated as a delinquent contribution under Section 515 of ERISA, 29 USC § 1145. See ERISA § 305(e)(7)(B), 29 USC § 1085(e)(7)(B).

11. The surcharge applies 30 days after the contributing employers have been notified by the plan sponsor that the plan is in critical status and that the surcharge is in effect. See ERISA § 305(e)(7)(D), 29 USC § 1085(e)(7)(D).

12. The surcharge ends once the bargaining parties have adopted a collective bargaining agreement that includes terms consistent with a rehabilitation plan schedule adopted by the plan sponsor. ERISA § 305(e)(7)(C), 29 USC § 1085(e)(7)(C).

## II. NOTICE TO KAISER AND FAILURE TO PAY

13. On April 29, 2020, the Trust provided notice of its critical status ("Notice") to contributing employers, including Kaiser. See Notice attached as Exhibit A. This Notice provides in its relevant part:

> **Employer Surcharge**
> The law requires that all contributing employers pay to the plan a surcharge to help correct the plan's financial situation. The amount of the surcharge is equal to a percentage of the amount an employer is otherwise required to contribute to the plan under the applicable collective bargaining agreement. With some exceptions, a 5% surcharge is applicable in the initial critical year (commencing with June hours payable in July), and a 10% surcharge is applicable for each succeeding plan year thereafter in which the plan is in critical status, until the employer agrees to a collective bargaining agreement that implements one of the schedules in the rehabilitation plan.

COMPLAINT – 3

3801.000 di10cq01zy

BARLOW COUGHRAN
MORALES & JOSEPHSON P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

14. On May 22, 2020, the Board of Trustees adopted a Rehabilitation Plan described in ERISA §§ 305(e)(1) and 305(e)(3), 29 USC §§ 1085(e)(1) and 1085(e)(3) with one or more options or "schedules" reasonably be expected to enable the plan to emerge from critical status with the statutory timeframe. Notice of the Rehabilitation Plan was provided to Kaiser.

15. As of the date of this Complaint, the Kaiser's CBA does not include terms consistent with the Rehabilitation Plan (i.e. the bargaining parties have not adopted a Rehabilitation Plan schedule).

16. Pursuant to the Trust's April 29, 2020 Notice and ERISA § 305(e)(7)(B), 29 USC § 1085(e)(7)(B), a 5% surcharge applies to all contributions required under the Kaiser CBA on or after June 1, 2020.

17. As of the date of this Complaint, Kaiser has failed and refused to pay the 5% surcharge described above.

### III. CLAIM FOR RELIEF

18. The Trusts re-allege the facts set forth in paragraphs 1 through 17 above as if stated fully herein, and further allege as follows:

19. The 5% surcharge is now due and owing to the Trust on the same basis as a delinquent contribution owed under Section 515 of ERISA, 29 USC § 1145. See ERISA § 305(e)(7)(B), 29 USC § 1085(e)(7)(B).

20. Article IX, Section 5 of the Trust Agreement provides in its relevant part:

> [I]f any participating employer shall be delinquent in the payment of contributions, such employer shall be liable, in addition, for liquidated damages of ten percent (10%) of the amount of the contributions which are owed or fifty dollars ($50.00), whichever is greater, provided payment of all amounts owing the Trust as the result of the delinquency is made before any suit to collect the delinquency. If a suit is filed, liquidated damages in the amount of

COMPLAINT – 4

3801.000 di10cq01zy

twenty percent (20%) of the contributions owed as a result of the delinquency will be assessed. In addition, the delinquent contributions shall bear interest at the rate of twelve (12%) per annum from the date due until paid.

21. Under Article IX, Section 5 of the Trust Agreement and under and ERISA §502(g)(2), Kaiser is obligated to pay liquidated damages, interest, reasonable attorney's fees and costs and expenses of suit as a result of its failure to pay the required employee benefit contributions in a timely manner.

22. As of the date of this Complaint, Kaiser owes the Trust surcharges in the amount of $32,566.76, $6,513.35 in liquidated damages, and $453.79 in interest for June and July 2020.

23. Kaiser will continue to owe the surcharge until the bargaining parties have adopted a collective bargaining agreement that includes terms consistent with a rehabilitation plan schedule adopted by the plan sponsor or Kaiser's contribution obligation ceases.

24. As of the date of this Complaint, Kaiser owes the Trust $6,513.35 in liquidated damages, and $453.79 in interest.

25. Kaiser will continue to owe the Trust liquidated damages and interest on all late paid surcharges.

26. Kaiser also owes the Trust an unknown amount of attorney fees in an amount to be proven on motions or at trial and interest through the date of the entry of judgment.

WHEREFORE, the Trust prays for a money judgment as follows:

a. For judgment against Kaiser Foundation Health Plan of the Northwest for $39,533.90, comprised of $32,566.76 in contributions, $6,513.35 in liquidated damages, and $453.79 in interest (calculated through the date of this Complaint) for June and July 2020;

COMPLAINT – 5

3801.000 di10cq01zy

BARLOW COUGHRAN
MORALES & JOSEPHSON P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

  b. For judgment against Kaiser Foundation Health Plan of the Northwest for all accrued and unpaid contributions, interest and liquidated damages incurred through the date of judgment;

  c. Interest through the date of the judgment on all unpaid contributions;

  d. An order directing Kaiser Foundation Health Plan of the Northwest to continue to pay surcharges through the date the bargaining parties have adopted a collective bargaining agreement that includes terms consistent with a rehabilitation plan schedule adopted by the plan sponsor or Kaiser Permanente's contribution obligation ceases, plus any liquidated damages and interest for any late paid surcharge amounts;

  e. Reasonable attorneys' fees, costs and expenses of suit; and

  f. For such other and further relief as the Court deems just and equitable.

DATED this 14th day of September, 2020.

          *s/ Noelle E. Dwarzski*
          Noelle E. Dwarzski, OSB 131866
          BARLOW COUGHRAN
          MORALES & JOSEPHSON, P.S.
          1325 Fourth Avenue, Suite 910
          Seattle, WA 98101
          Tel. (206) 224-9900
          noelled@bcmjlaw.com
          Attorneys for Plaintiffs

COMPLAINT – 6

3801.000 di10cq01zy

BARLOW COUGHRAN
MORALES & JOSEPHSON P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900



# EXHIBIT A

**OREGON RETAIL EMPLOYEES PENSION TRUST**
12205 SW Tualatin Road, Suite 200
(503) 486-2102 or (866) 796-7623

DATE:       APRIL 29, 2020

TO:         PARTICIPANTS AND BENEFICIARIES
            CONTRIBUTING EMPLOYERS
            LOCAL UNIONS
            PENSION BENEFIT GUARANTY CORPORATION
            SECRETARY OF LABOR

FROM:       BOARD OF TRUSTEES

## NOTICE OF CRITICAL STATUS PENSION PLAN

This is to inform you that on March 30, 2020 the actuary for the Oregon Retail Employees Pension Plan (the "Plan") certified to the U.S. Department of the Treasury, and to the Board of Trustees, that the Plan is in critical status (the "red zone") for the Plan Year beginning January 1, 2020. Federal law requires that you receive this notice.

## CRITICAL STATUS

The Plan is considered to be in critical status because it has funding problems. More specifically, the Plan's actuary determined that the Plan is in critical status this year because it is projected to have an accumulated funding deficiency in four years. In addition, the Plan is in critical status because it is projected to have an accumulated funding deficiency in five years, the present value of vested benefits for inactive participants is more than the present value of vested benefits for active participants and the normal cost plus interest on unfunded actuarial accrued liability is greater than the contributions for the current year.

**Rehabilitation Plan and Possibility of Reduction in Benefits**

Federal law requires pension plans in critical status to adopt a rehabilitation plan aimed at restoring the financial health of the plan. The law permits pension plans to reduce, or even eliminate, benefits called "adjustable benefits" as part of a rehabilitation plan. If the trustees of the plan determine that benefit reductions are necessary, you will receive a separate notice in the future identifying and explaining the effect of those reductions. Any reduction of adjustable benefits (other than a repeal of a recent benefit increase, as described below) will not reduce the level of a participant's basic benefit payable at normal retirement. In addition, the reductions may only apply to participants and beneficiaries whose benefit commencement date is on or after April 29, 2020. But you should know that whether or not the plan reduces adjustable benefits in the future, effective as of April 29, 2020, the plan is not permitted to pay lump sum benefits (or

1

any other payment in excess of the monthly amount paid under a single life annuity) while it is in critical status.

**Adjustable Benefits**

The plan offers the following adjustable benefits which may be reduced or eliminated as part of any rehabilitation plan the pension plan may adopt:

- Post-retirement death benefits;
- Sixty-month payment guarantees;
- Disability benefits (if not yet in pay status);
- Early retirement benefit or retirement-type subsidy;
- Benefit payment options other than a qualified joint-and survivor annuity (QJSA);
- Recent benefit increases (i.e., occurring in past 5 years);
- Other similar benefits, rights, or features under the plan, as follows:

    Cost of Living Adjustments

**Employer Surcharge**

The law requires that all contributing employers pay to the plan a surcharge to help correct the plan's financial situation. The amount of the surcharge is equal to a percentage of the amount an employer is otherwise required to contribute to the plan under the applicable collective bargaining agreement. With some exceptions, a 5% surcharge is applicable in the initial critical year (commencing with June hours payable in July), and a 10% surcharge is applicable for each succeeding plan year thereafter in which the plan is in critical status, until the employer agrees to a collective bargaining agreement that implements one of the schedules in the rehabilitation plan.

### WHERE TO GET MORE INFORMATION

For more information about this Notice, you may contact:

**Oregon Retail Employees Pension Trust**
12205 SW Tualatin Road, Suite 200
Tualatin, OR 97062
Phone: (503) 486-2102 or (866) 796-7623

You have a right to receive a copy of the rehabilitation plan from the Pension Fund.

5636195v5/14517.101